918 F.2d 957
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William HUGHES, Plaintiff-Appellant,
v.
Edertt PERRY, Defendant-Appellee.
 No. 90-1392.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1990.
 
 Before KEITH and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 William Hughes is a pro se Michigan prisoner who appeals the dismissal of a civil rights case that he had filed under 42 U.S.C. Sec. 1983. The proposed defendant is a hearing officer at the prison where Hughes is incarcerated. Hughes's case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the appellant's brief, this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Hughes filed a complaint and supporting brief which indicate that the defendant found Hughes guilty of insolence and sentenced him to seven days in "top lock" in addition to a loss of privileges for 15 days. A liberal reading of the supporting brief reveals Hughes's argument, inter alia, that his constitutional rights were violated because the defendant did not provide him with a written statement as to the evidence relied on and the reasons for this disciplinary action. On March 7, 1990, the district court entered an order and a judgment that dismissed Hughes's complaint as frivolous because his allegations were ambiguous and conclusory. Cf. 28 U.S.C. Sec. 1915(d). It is from this judgment that Hughes now appeals. Upon review, we affirm the judgment for different reasons than those relied upon by the district court. Cf. Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990).
 
 
 3
 A complaint is frivolous within the meaning of 28 U.S.C. Sec. 1915(d) only when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). Hughes's monetary claim lacks an arguable basis in law because it is clearly barred by immunity. See id. at 1833. Under the eleventh amendment, state employees are immune from damages when a Sec. 1983 action is brought against them in their official capacity. Wells v. Brown, 891 F.2d 591, 592 (6th Cir.1989). It may be assumed that the defendant is being sued in his official capacity because the complaint does not indicate that he is being sued personally. See id. He is therefore not even subject to suit for monetary damages under 42 U.S.C. Sec. 1983. Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989). In addition, it is clear that the conduct alleged in the complaint involved the defendant's official duties. Cf. Cowan v. University of Louisville School of Medicine, 900 F.2d 936, 942 (6th Cir.1990).
 
 
 4
 Hughes also brought an injunctive claim on behalf of other prisoners. This claim lacks an arguable basis in law because it is based on "a legal interest which clearly does not exist." Neitzke, 109 S.Ct. at 1833. "The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally." Warth v. Seldin, 422 U.S. 490, 499 (1975). Thus, dismissal was proper because Hughes lacked standing to bring his injunctive claim.
 
 
 5
 Accordingly, the judgment of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.